STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

June 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM R. WILSON,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1254**  (BOR Appeal No. 2045749)
                        (Claim No. 2010116400)

**ROCKSPRING DEVELOPMENT, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner William R. Wilson, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rockspring Development, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 11, 2011, in which the Board affirmed a March 9, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 1, 2010, decision denying Mr. Wilson's request for an MRI of the cervical and lumbar spine and a pain clinic referral. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wilson was injured when lifting a large rock off a section of the belt on December 3, 2009, while working for Rockspring Development, Inc. On February 4, 2010, the claim was held compensable for lumbosacral sprain. On December 1, 2010, the claims administrator denied Mr. Wilson's request for an MRI of the cervical and lumbar spine and a pain clinic referral because the claim was held compensable only for a lumbar sprain that was over one year old. It further concluded the treatment exceeded West Virginia Code of State Rules § 85-20 (2006) guidelines,

1

and the need for treatment was related to disc disease and arthritis, which were non-compensable conditions.

The Office of Judges affirmed the claims administrator's decision because the need for treatment appears to be caused by preexisting degenerative changes and a possible subsequent injury. On appeal, Mr. Wilson disagrees and asserts that West Virginia Code of State Rules § 85-20 (2006) is simply a guideline that is not intended to strictly dictate results. Mr. Wilson further asserts that there is nothing of record to show that his compensable injury did not contribute to his condition, and in fact Dr. Vempaty found that his condition was due to his compensable injury. Rockspring Development, Inc. maintains that the evidence does not prove that Mr. Wilson's injury is work-related but instead proves it was caused by preexisting degenerative changes and possibly a subsequent injury.

The Office of Judges concluded that a preponderance of evidence does not support the request for an MRI for the cervical and lumbar spine or a referral to a pain clinic, as the claim was only held compensable for lumbosacral sprain. It noted that it appears that Mr. Wilson began complaining about his cervical and thoracic spine roughly four months after the date of the injury. It further noted that Dr. Nadar's report from April 28, 2010, indicates that Mr. Wilson "claims he re-hurt himself and had to stop working." Thus, the Office of Judges affirmed the denial of the requested medical benefits. The Board of Review reached the same reasoned conclusions in its decision of August 11, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II